UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

John Douglas Salvati,                                    Case No. 05-65254-PJS
                                                         Chapter 7
                            Debtor.   /                  Hon. Phillip J. Shefferly

**ORDER AWARDING COSTS**

Debtor filed his chapter 7 petition for relief on August 10, 2005. On October 19, 2005, Trustee filed a motion for order directing Debtor to cooperate with Trustee and for order authorizing Trustee to list and sell Debtor's residence based on Trustee's belief that there was non-exempt equity in the residence to administer for the estate (Docket No. 14). Debtor then filed amendments to Schedules A and C on October 28, 2005 (Docket No. 15) to increase the value of his residence from $250,000 to $350,000 and to change the basis for his claimed exemption in his residence from § 522(b)(1) to § 522(b)(2). By the amendments, Debtor increased his claimed exemption of $7,100 under § 522(d)(1) to $118,000 under Mich. Comp. Laws Ann. §§ 600.6023(a) and 600.5451(1)(o). Trustee filed an objection to amended schedule C on November 22, 2005 (Docket No. 20). On December 12, 2005, Trustee filed a motion for entry of order directing Debtor to appear for examination and produce records for inspection and copying (Docket No. 35). Debtor filed an objection to that motion on December 27, 2005 (Docket No. 38).

The Court held a hearing on January 20, 2006 on all three matters. At the conclusion of the hearing, the Court granted Trustee's motion for entry of order directing Debtor to appear and to produce records, but denied without prejudice Trustee's motion for an order authorizing

Trustee to list and sell Debtor's residence. The Court set an evidentiary hearing on Trustee's objections to Debtor's amended schedule C to determine Debtor's good faith in amending his schedules. See In re Colvin, 288 B.R. 477, 481-82 (Bankr. E.D. Mich. 2003); In re Lundy, 216 B.R. 609, 610 (Bankr. E.D. Mich. 1988).

The parties twice adjourned the evidentiary hearing. The Court eventually held the evidentiary hearing on May 17, 2006. The Court found that Debtor had amended his schedules in good faith, and overruled Trustee's objections. However, the Court also concluded that the inaccurate information in Debtor's original schedules caused Trustee to incur unnecessary costs, for which the estate should be compensated. The Court directed Trustee to file a bill of costs detailing the fees and expenses for services that Trustee and Trustee's counsel were reasonably required to perform, which they otherwise would not have performed, on account of the mistakes in Debtor's original schedules. Trustee filed a bill of costs on May 18, 2006. Debtor filed an objection on May 31, 2006. This matter is now ripe for decision.

Trustee's bill of costs asks for $11,802 in attorney fees for Trustee's counsel, $3,144 in fees for Trustee, and $394.65 in expenses, for a total of $15,340.65. Debtor objects that Trustee is trying to "score" at Debtor's expense and that, at most, $2,000 should be awarded.

A review of Trustee's bill of costs shows that it is essentially a fee application for all of Trustee's and Trustee's counsel's fees and costs in this case. Trustee's first entry is for opening a new file. This is work that Trustee presumably does in every case. Trustee also asks to be reimbursed for drafting Trustee's application to employ counsel and for reviewing a reaffirmation agreement. Those charges do not result from mistakes in Debtor's schedules. Further, the time charged for some entries that may have been caused by Debtor is not

reasonable. For example, both Trustee and Trustee's counsel attended the 2004 examination of Debtor on April 26, 2006. Trustee's counsel conducted the examination and charged $560 to attend (not counting preparation). Trustee also attended the examination and charged $435 to attend. Further, Trustee (not Trustee's counsel) charged $472.50 for 1.75 hours for a rough draft and revision of a two page motion for order directing Debtor to cooperate with Trustee and for order authorizing Trustee to list and sell real property. Trustee's bill of costs also contains some duplicate entries. For example, both the September 9, 2005 and the September 25, 2005 entries charge for time in noting the dates for objections to exemptions. Finally, the bill of costs also includes time charged for research and for telephone calls to the court clerk regarding the several adjournments requested by the parties, both for the initial hearing on the objection to exemptions and the evidentiary hearing.

The Court intended the award of costs against Debtor to compensate the estate for the extra work that was required as a result of Debtor's inaccurate original schedules. Because Trustee's bill of costs requests that Debtor be made to pay for all of the Trustee's costs in administering this case, including some charges that may not be compensable in a fee application, the Court finds that the bill of costs exceeds Trustee's reasonable costs that were occasioned by the inaccuracies in Debtor's original schedules and Debtor's change from federal to state exemptions in response to Trustee's actions to administer the property. While Trustee and his counsel may ultimately have the right to file fee applications for some or all of these costs under § 330(a) of the Bankruptcy Code, the award of costs ordered by the Court was not intended to shift to Debtor the responsibility for all of the costs of administration in this case. The Court has determined that an award of $5,000 is appropriate under these circumstances.

Accordingly, for the reasons set forth on the record in open Court on May 17, 2006,

IT IS HEREBY ORDERED that Debtor shall pay Trustee $5,000.

NOT FOR PUBLICATION.

**Entered: July 27, 2006**

                                              /s/ Phillip J. Shefferly
                                              **Phillip J. Shefferly**
                                              **United States Bankruptcy Judge**